### UNITED STATES of America, Appellee,

### v.

### Claude Raymond CURRY, Appellant.

### No. 13078.

United States Court of Appeals
Fourth Circuit.

Argued April 11, 1969.

Decided June 9, 1969.

Robert E. Magnuson, Charleston, W. Va. (Court-appointed counsel) [McClintic, James, Wise & Robinson, Charleston, W. Va., on the brief], for appellant.

Charles M. Love, III, Asst. U. S. Atty. (Milton J. Ferguson, U. S. Atty., and W. Warren Upton, Asst. U. S. Atty., on the brief), for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

His commitment under 18 U.S.C. §§ 4244-4246, and 4247-4248 as "not mentally capable of assisting in his own defense * * * and not mentally capable of pleading to the indictment returned against him", for mailing a letter containing a threat upon the life of the President of the United States, 18 U.S.C. § 871, is here attacked for the appellant Claude Raymond Curry. The sole ground is that the commitment does not limit his detention to the period while he would "probably endanger the safety of the officers, the property or other interests of the United States".

The order, passed November 29, 1968 by the Federal District Court for Southern West Virginia, placed him in the custody of the Attorney General until "mentally competent to stand trial or until the pending charges against him are disposed of according to law". Appellant's argument on the order's deficiency is that the enabling statutes must be interpreted to require this limitation in the commitment, or else they are unconstitutional as providing indefinite detainment without due process.

The cited statutes, either condensed or literatim, are these:

§ 4244—Abridged, this provision directs inquiry upon the mental competency of an accused after arrest and prior to sentence to stand trial, upon the appearance of reasonable grounds for doubt of his competency.

§ 4246—Procedure upon finding of mental incompetency

"Whenever the trial court shall determine in accordance with sections 4244 * * * of this title that an accused is or was mentally incompetent, the court may commit the accused to the custody of the Attorney General or his authorized representative, until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law. And if the court after hearing as provided in the preceding sections 4244 * * * shall determine that the conditions specified in the following section 4247 exist, the commitment shall be governed by section 4248 as herein provided".

§ 4247—The conditions referred to in § 4246 as contained in § 4247 warranting commitment are, as pertinent here, " * * * the prisoner is insane or mentally incompetent, and that if released he will probably endanger the safety of the officers, the property, or other interests of the United States, * * *."

§ 4248—This section, as referred to in § 4246 and as presently material, is as follows:

"Termination of custody by release or transfer

"Whenever a person shall be committed pursuant to section 4247 of this title, his commitment shall run until the sanity or mental competency of the person shall be restored or until the mental condition of the person is so improved that if he be released he will not endanger the safety of the officers, the property, or other interests

of the United States, or until suitable arrangements have been made for the custody and care of the prisoner by the State of his residence, whichever event shall first occur. * * * "

■ Appealability of the commitment is not in issue. See United States v. Klein, 325 F.2d 283 (2 Cir. 1963); Higgins v. United States, 205 F.2d 650 (9 Cir. 1953). The instant contention was never addressed to the District Court, and the finding of incompetency is not now doubted. On the record before it, no error is apparent in the Court's disposition of the case. Therefore, we affirm, but we add a remittitur for assurance of the appellant's protection.

■■ Leave will be accorded the appellant, so long as he is under indictment, to apply to the District Court immediately and at reasonable intervals thereafter, if he be so advised, for a hearing upon and determination of whether his release would endanger the safety of persons, property or the public interest in general —not merely the interests peculiar to the United States as such. Royal v. United States, 274 F.2d 846, 851–852 (10 Cir. 1960). If and when he may be found not dangerous in these regards, then he is entitled to be enlarged on bail, and to be extended any other rights allowed a peaceful criminal defendant. A provision of this tenor should, we believe, be written into every commitment occurring before sentence, and incorporated also should be a requirement that the custodian report to the court on a prescribed schedule the mental health of his ward. The hearing application can, and should, be made in the criminal case in which he is charged, for it remains pending until the prosecution is ended.

■ In the future, furthermore, after incompetency has been adjudged under § 4244, we think the trial court should not commit a defendant into custody, pursuant to § 4246, unless and until the court shall also have determined that the defendant might, if released, be a public or private danger. The court may, of course, detain him for a reasonable time to observe and otherwise inquire into his propensities, and also to treat him for his illness in the hope of restoring competency. By its permissive terms, § 4246 clearly contemplates that the finding of incapacity does not compel commitment.

■■ These precautions accord with the purpose and pattern of the cited statutes. Not so read, their constitutional validity would be suspect. Cf. Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1955); United States v. Klein, supra, 325 F.2d 283 (2 Cir. 1963). Collectively, the statutes intend that a defendant, although found incompetent, cannot be unduly deprived of his liberty unless he will be dangerous to society. Further, they permit continuation of confinement even under a supportable commitment—not to be confused with the prosecutory process—only until the criminal charges against him have been disposed of, or he has regained or is so improved in mind as not to be a threat, after release, to the safety of himself or others. When brought to the attention of the trial court by the accused, his counsel, custodian or supervisor, his freedom from a mind of compulsive or uncontrollable violence requires discharge of the commitment. In the event he remains a danger even after the criminal charges no longer obtain, § 4248 authorizes his further protective detention by the Attorney General, or his transfer to an institution of the State of his residence for that purpose.

In sum, though mental incompetency exists or the accusations of crime are still outstanding, restraint by or under a § 4246 commitment, except for the limited purposes we have noted, is justified only after a determination has been made that release of the prisoner will imperil him or the public. Of course, other legitimate grounds for holding him which are not based on this commitment are not affected by this decision.

Affirmed and remanded with conditions.