**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eddie WOOD, Defendant-Appellant.**

**No. 72-2454**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1972.

Harry Lee Hudspeth, El Paso, Tex., (Court-appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Edward S. Marquez, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant was committed to the Medical Center for Federal Prisoners, pursuant to 18 U.S.C. § 4246, after the district judge had concluded that appellant was not capable of standing trial on a charge of interstate transportation of a stolen motor vehicle. The order of commitment required that appellant be given extensive treatment, and that progress reports be submitted to the district court periodically until appellant is competent to stand trial or until the charges pending against him are disposed of according to law.

We believe that the district court erred in ordering appellant committed until he is in fact competent to stand trial. There was no finding below as to whether appellant would probably en-

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

danger the officers, property, or other interests of the United States; and without such a finding, a prisoner committed under Section 4246 may be held only for a reasonable period of time necessary to determine whether there is a substantial *chance* of his attaining competency to stand trial in the foreseeable future. Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 1855, 32 L.Ed.2d 435 (1972).

We therefore modify the district court's order of commitment to require that appellant be held at the Medical Center for Federal Prisoners only for such time as is necessary to determine whether there is a substantial chance of his attaining competency to stand trial in the foreseeable future. If it appears from the Center's periodic progress reports that his chances are good, then he may be held until trial. If, however, his chances are slight, or if he does not in fact improve, then he must be released or granted a hearing pursuant to 18 U.S.C. § 4247. Jackson v. Indiana, *supra*.

Affirmed as modified.