UNITED STATES of America,
Plaintiff-Appellee,

v.

Lennie CHEAMA, Defendant-Appellant.

No. 83–2288.

United States Court of Appeals,
Tenth Circuit.

April 2, 1984.

Edwin Macy, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

David N. Williams, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., Albuquerque, N.M., with him on brief), for plaintiff-appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The order which is here appealed is that of the United States District Court for the District of New Mexico. In the order the

defendant was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. This was after defendant was found incompetent to stand trial on federal murder and assault charges. The order of commitment provides that the defendant will remain in the custody of the Attorney General "until the defendant shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law." The order also requires that the director of the institution report to the court within six months "with a determination as to whether or not he anticipates that the mental condition of the defendant will change substantially in order to permit him to stand trial."

On this appeal the defendant-appellant Cheama has challenged the foregoing order. He claims that the federal government is not allowed to detain him indefinitely without a showing that he is dangerous to the officers, property or interests of the United States according to 18 U.S.C. § 4247. Furthermore, he asserts that the Federal Medical Center in Springfield, Missouri, is an inadequate treatment facility, and he asks to be transferred to an appropriate state mental hospital. Finally, he insists that the charges against him ought to be dismissed.

The federal grand jury in New Mexico returned a two count indictment against the defendant, in which it charged him in Count I with first degree murder contrary to 18 U.S.C. §§ 1153 and 111. In Count II the grand jury charged him with assault with intent to commit murder in violation of 18 U.S.C. §§ 1153 and 113(a). Defendant was subsequently arraigned on the charges and not guilty pleas were entered.

Soon thereafter defendant filed a motion under 18 U.S.C. § 4244 in which he requested the appointment of a psychiatrist to examine him and give him an evaluation as to his competence to stand trial. On June 2, 1983, the defendant's attorney requested that the court order him to be transferred to a Federal Medical Center, such as the one in Springfield, Missouri, so as to further evaluate his competence. On June 3, 1983 (the next day) the defendant was ordered transported to the Medical Center in Springfield, Missouri for study and treatment in order that a competency evaluation could be made.

The matter came before the United States District Court on September 22, 1983, for a competency determination following the defendant's return from the Federal Medical Center. It was stipulated between the parties that the defendant was suffering from schizophrenia and organic brain syndrome. On September 28, 1983, six days after the hearing, the trial judge found the defendant to be incompetent to stand trial and, pursuant to 18 U.S.C. § 4246, remanded him to the custody of the Attorney General "until the defendant shall become mentally competent to stand trial, or until the pending charges against him are disposed of according to law."

On October 4, 1983, the defendant brought this present appeal.

The statutes under which this matter arises require the district court to order psychiatric examination of a criminal defendant who the Attorney General has reason to believe may be incompetent to stand trial. The court is required to conduct a hearing and make findings on the question of competence. 18 U.S.C. § 4244. If the trial court finds a defendant to be incompetent under § 4244, the court may commit him to the custody of the Attorney General "until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law." 18 U.S.C. § 4246. Although the language of this statute appears to permit indefinite confinement of an accused, the federal courts have indicated that there should be limits to this provision, this so-called § 4246 confinement. *Greenwood v. United States*, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956); *United States v. DeBellis*, 649 F.2d 1 (1st Cir.1981); *United States v. Wood*, 469 F.2d 676 (5th Cir.1972); *United States v. Curry*, 410 F.2d 1372 (4th Cir.1969). Under the prevailing interpretation of the statutory scheme, the trial court may commit an incompetent defendant un-

der § 4246 for such reasonable time as is necessary to determine whether there is a likelihood that the defendant will ever regain competency. Once a trial court determines that the accused is unlikely to become competent in the foreseeable future, the court must then conduct a hearing to determine whether, if released, the accused "will probably endanger the safety of the officers, property, or other interests of the United States, and that suitable arrangements for the custody and care of the prisoner are not otherwise available." 18 U.S.C. § 4247. If the court finds that the accused is dangerous and that no other facilities can adequately accommodate him or her, the statute allows the Attorney General to retain custody over the accused until competency is attained or until the accused is no longer dangerous. 18 U.S.C. §§ 4247–48. The Supreme Court has upheld the constitutionality of these provisions. *See Greenwood v. United States, supra.*

Before we can address this matter, we must note that the government has challenged the defendant's appeal. The government claims that the order appealed from is not now and cannot be final within the meaning of 28 U.S.C. § 1291, the appeals statute. According to the government, the question of competency is "a basic predicate for the invocation of the criminal trial process," and is necessary to the criminal proceedings. Thus, the government argues, this court may not review commitment orders until the termination of the substantive criminal proceedings. We do not agree that competency determinations are never appealable but, as indicated below, there must be some final disposition of the competency issue before an appeal may lie.

This matter is not the ordinary case in which a final judgment has been entered. However, there is an order of commitment and under circumstances where the necessity is apparent, it is appropriate for the court, in the execution of its duty, to examine the matter. The finality requirement "promotes judicial efficiency and enhances a strong policy against piecemeal reviews and against obstructing or impeding ongoing judicial proceedings." *Battle v. Anderson,* 708 F.2d 1523, 1527 (10th Cir.1983), *cert. dismissed sub nom. Meachum v. Battle,* —— U.S. ——, 104 S.Ct. 1019, 79 L.Ed.2d 248 (1984). This is particularly true in criminal cases. *United States v. Eggert,* 624 F.2d 973 (10th Cir.1980). We must acknowledge, however, that the Supreme Court "has long given [the finality] provision of the statute [a] practical rather than a technical construction." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). Cohen is, it is true, a civil action involving money only but it is nevertheless a strong authority.

Certain orders may be appealed from under the collateral order doctrine enunciated in *Cohen* and its progeny regardless of the fact that the orders may not be final in the strictest sense. *Cohen* makes clear that there is a small class of district court decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.*

Orders which commit defendants to long-term custody of the United States certainly fit squarely within the narrow class of collateral orders defined in *Cohen.* The statutory scheme from which orders derive allows the confinement of defendants for extended periods of time, even though they have not been tried or convicted of the offense charged. Many defendants never do attain competency, so a § 4247 commitment order is essentially a final one although charges may still be pending. To hold that committed criminals must wait until the substantive charges are finally disposed of would mean that there would be no meaningful review of the relevant hearings and determinations. A number of federal courts have recognized that district court decisions to commit indicted incompetents are collateral orders reviewable under

28 U.S.C. § 1291. *United States v. Curry,* 410 F.2d 1372 (4th Cir.1969); *United States v. Klein,* 325 F.2d 283 (2nd Cir.1963); *Higgins v. United States,* 205 F.2d 650 (9th Cir.1953). Other circuits have entertained appeals of commitment orders and thus have implicitly recognized that appeals of this sort are proper. *See United States v. DeBellis,* 649 F.2d 1 (1st Cir.1981); *United States v. Wood,* 469 F.2d 676 (5th Cir.1972); *United States v. Davis,* 365 F.2d 251 (6th Cir.1966). These results are brought about by necessity. In the present case there is no reason to deviate from these precedents. However, there is every reason to require finality in the incompetency hearing process before entertaining review.

We note that under the 18 U.S.C. §§ 4244–48 statutory scheme, the competency determination is a several step process. First, the court must inquire into competency under § 4244. Second, a court may order confinement under § 4246 for a reasonable time to determine whether competency is likely to be attained. Third, upon a finding of long-term incompetency, § 4247 directs the court to determine whether the accused is dangerous and in need of federal custody. Only after all of this occurs does a commitment order become a final adjudication on the competency question.

The present appeal was brought in the middle of the process—after the court ordered the accused committed pursuant to § 4246. In the order, the court required the director of the institution to report to the court as soon as possible and in any event, within six months. The order also sought "a determination of whether or not [the director of the institution] anticipates that the mental condition of the defendant will change substantially in order to permit him to stand trial." This provision of the order and the transcript of the § 4246 hearing indicate that the court intended to follow the statutory guidelines and conduct a hearing to determine whether the defendant is permanently incompetent and dangerous and whether alternative provisions might be made for him. The trial court requested the psychiatric report within six months, a period that appears reasonable under these circumstances for the necessary psychiatric inquiry.

When the defendant filed this appeal, the district court was at least temporarily divested of jurisdiction to act further. However, the defendant contests the court's failure to conduct the required hearings and make the necessary findings. This is the kind of disruption of the judicial process that the finality requirement was designed to avoid. Although criminal defendants may appeal commitment orders, they may do so only at the conclusion of the statutory process set forth in 18 U.S.C. §§ 4244–48, as interpreted by the courts.

The defendant filed this appeal prematurely, before the process was complete and despite all indications that the trial court would conduct the necessary hearings in the reasonable future. Thus, the order appealed from was not a final adjudication of the competency question and this court lacks jurisdiction to review the present record at this time.

It is ordered that the appeal should be dismissed and that the cause be remanded for further proceedings consistent with 18 U.S.C. §§ 4244–48.