**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lennie CHEAMA, Defendant-Appellant.**

No. 85–1248.

United States Court of Appeals,
Tenth Circuit.

Feb. 5, 1986.

Edwin Macy, Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and David N. Williams, U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Before BARRETT, SEYMOUR and MOORE, Circuit Judges.

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that this case should be submitted without oral argument. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 10(e).

Lennie Cheama challenges the constitutionality of an order of the United States District Court for the District of New Mexico, hospitalizing him under Chapter 313 of the United States Criminal Code, 18 U.S.C. §§ 4241 *et seq.* (1982), *amended by* 18 U.S. C.A. §§ 4241 *et seq.* (1985).[1] We vacate the order and remand with instructions.

On April 20, 1983, Cheama was indicted on federal charges of murder and assault with intent to commit murder under 18 U.S.C. §§ 111, 113, and 1153 (1982). At his arraignment, he pled not guilty to both charges. Defense counsel subsequently requested a psychiatric examination to determine Cheama's competency to stand trial. The examining physician diagnosed his condition as chronic undifferentiated schizophrenia, with possible organic brain syndrome due to drug abuse. The physician also concluded that his condition might improve with medication. The district court then transferred Cheama to the Federal Medical Center in Springfield, Missouri for treatment and further evaluation. The Medical Center confirmed the initial diagnosis, noted little improvement from treatment, concluded that he remained incompetent to stand trial, and opined that he probably would remain incompetent in the foreseeable future.

The district court received the Medical Center's report in September 1983. Chea-

---

1. Relevant provisions of the statute relied upon by the district court are reproduced in an ap-
pendix to this opinion. The opinion itself refers to these provisions as "former sections."

ma immediately moved to dismiss the indictment, claiming in summary fashion that the Government could not detain him indefinitely and that the Federal Medical Center was an inadequate treatment facility. Proceeding under the authority of former sections 4244 and 4246, the district court held a hearing, found Cheama incompetent to stand trial, and remanded him to the custody of the Attorney General until either he became competent or the charges were dropped. The court also ordered a report on Cheama's condition within six months. A panel of this court dismissed Cheama's subsequent appeal. *See United States v. Cheama*, 730 F.2d 1383 (10th Cir.1984). Observing that the district court had yet to make a final determination of Cheama's competency to stand trial and was otherwise clearly proceeding properly under former sections 4244 and 4246, the panel concluded that the appeal was premature and remanded the case for further proceedings consistent with the statute. *Id.* at 1386.

In May 1984, the district court held a second competency hearing. Cheama's condition had not changed. Concerned over the length of his detention in light of a poor prognosis, the court opted to proceed under former section 4247 to determine whether extended commitment, in lieu of further competency proceedings, was warranted. The Chief of Forensic Psychiatry testified that it was, but the court postponed a final decision pending completion of additional psychiatric evaluations requested by defense counsel.

Upon receiving the results of these evaluations, the district court held another hearing in January 1985. The sole issue considered was the propriety of commitment under former section 4247. In its final order, the court found: (1) that Cheama remained incompetent to stand trial, (2) that he was "unlikely to be competent ... in the foreseeable future," and (3) that he

required "a semi-structured environment with close monitoring and supervision to lessen the possibility of his being a substantial risk to others." Rec., vol. I, at 56. On the basis of these findings, and acting under the authority of former section 4247, the district court committed Cheama to an appropriate hospital "for confinement until the sanity or mental capacity of Defendant is restored or until the mental condition of Defendant is so improved that if released he will not endanger the safety of himself or others, or until suitable arrangements have been made for the care and custody of the Defendant by the State of New Mexico, which ever event should first occur." *Id.* The court also ordered the Attorney General to submit annual reports on Cheama's condition.

Cheama now challenges the power of the Government to commit him, given the likelihood that he will never become competent to stand trial. Arguing that the federal power to prosecute has been exhausted, he contends that the Tenth Amendment forecloses federal intervention into the realm of civil commitment.[2] In *Greenwood v. United States*, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956), the Supreme Court upheld against constitutional challenge the statutory framework under which Cheama has been committed. The Court limited its holding, however, to the facts before it. *Id.* at 376, 76 S.Ct. at 415. Cheama relies upon language in *Greenwood* which intimates that constitutional authority to commit a defendant may be lacking when the power to prosecute has been "irretrievably frustrated" under circumstances of continuing mental incapacity which the Court did not define. *See* 350 U.S. at 375–76, 76 S.Ct. at 415; *see also Royal v. United States*, 274 F.2d 846, 851 (10th Cir.1960). Cheama urges that the condition from which he suffers will prevent him from ever becoming competent to stand trial,[3]

---

**2.** Cheama also contends that the conditions of his confinement violate the Fifth and Eighth Amendments.

**3.** More specifically, he refers to the organic nature of his disability, its prolonged and unvary-

ing nature, and the unanimity of medical opinion regarding his slim prospects for improvement.

and that it was therefore error for the district court not to order his release.

The Government responds that Cheama has not previously asserted any of his current arguments. Both hearings which raised the possibility of extended commitment under former section 4247 concerned only the prerequisites for commitment. Cheama did not mention or allude to any constitutional defects in either the statute or the circumstances of his confinement. Sixteen months earlier, in his initial motion to dismiss, he challenged only the power of the Government to detain a defendant indefinitely and deprive him of proper medical treatment without proceeding under former section 4247. *See Cheama,* 730 F.2d at 1384. Although the trial judge has demonstrated an awareness of Cheama's plight—extended detainment without final disposition—he never recognized or had cause to recognize the issues now presented. The Government therefore contends that Cheama's arguments are not properly before us and that he must pursue his challenge by filing a habeas corpus petition.

■ We disagree. Although appellate courts do not generally consider issues not decided below, they may do so in their discretion to prevent manifest injustice and to promote procedural efficiency. *See Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Pell v. Azar Nut Co.,* 711 F.2d 949, 950 (10th Cir.1983); *Gomes v. Williams,* 420 F.2d 1364, 1367 (10th Cir.1970). The serious deprivation of Cheama's liberty warrants our consideration in this case.

■ We cannot reach a decision at this point, however, because questions not raised below should be declined on appeal when further development of the record is required. *See Hormel v. Helvering,* 312 U.S. 552, 556–57, 61 S.Ct. 719, 721–22, 85 L.Ed. 1037 (1941); *Ahmed v. American Steamship Mutual Protection & Indemnity Association,* 640 F.2d 993, 996 (9th Cir.

1981) (case remanded for further factual development of issue not presented below), *cert. denied,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983); *cf. United States v. Freire,* 710 F.2d 1515, 1522 (11th Cir.1983) (question of law decided on appeal when facts fully developed below). The district court, proceeding without regard for the legal issue now presented, did not find that Cheama would never become competent to stand trial and made no findings whatever with respect to various subsidiary facts which Cheama now asserts as the basis for distinguishing this case from *Greenwood* and *Royal.* *Greenwood* warned against making legal judgments concerning continuing incompetency based upon uncertain medical evidence. *See* 350 U.S. at 375–76, 767 S.Ct. at 415. Any decision at this point would thus be ill-advised in the absence of factual findings directly addressing the issue of constitutional power.[4] We decline to decide whether the single finding made by the district court, that Cheama was unlikely to become competent in the foreseeable future, could provide a sufficient basis for distinguishing *Greenwood* and *Royal.*

Consideration of Cheama's constitutional challenge may also be unwarranted. The district court mistakenly entered its final order under the authority of former section 4247, which had been amended and redesignated as section 4246 three months before the January hearing. The new section provides in pertinent part:

"Determination and disposition.—If, after ... hearing, the court *finds by clear and convincing evidence* that the person is presently suffering from a mental disease or defect as a result of which his release would *create a substantial risk of bodily injury to another person or serious damage to property of another,* the court shall commit the person to the custody of the Attorney General. The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney Gen-

---

**4.** The need for additional fact-finding likewise forecloses present consideration of Cheama's ar-

guments that his detention violates the Fifth and Eighth Amendments.

eral *shall make all reasonable efforts to cause such a State to assume such responsibility.* If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until—

(1) such a State will assume such responsibility; or

(2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another;

whichever is earlier. The Attorney General *shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility* for the person's custody, care, and treatment."

18 U.S.C.A. § 4246(d) (emphasis added). The amended statute increases the Government's burden of proof when it seeks to commit a criminal defendant for an extended time. *Cf.* 18 U.S.C. § 4247 (reproduced in Appendix). Under this standard, Cheama may be entitled to release. Alternatively, the Government may be required to make a more vigorous effort than it has thus far to transfer Cheama to an appropriate state mental health facility. In either case, it would be unnecessary for the court below to reach any constitutional questions. *See, e.g., New York City Transit Authority v. Beazer,* 440 U.S. 568, 582 & n. 22, 99 S.Ct. 1355, 1364 & n. 22, 59 L.Ed.2d 587 (1979).

Accordingly, the order of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

### APPENDIX

Relevant provisions of 18 U.S.C. §§ 4241 *et seq* (1982), prior to amendment:

### § 4244. Mental incompetency after arrest and before trial

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury.

\* \* \* \* \* \*

### § 4246. Procedure upon finding of mental incompetency

Whenever the trial court shall determine in accordance with sections 4244 and 4245 of this title that an accused is or was mentally incompetent, the court may com-

mit the accused to the custody of the Attorney General or his authorized representative, until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law. And if the court after hearing as provided in the preceding sections 4244 and 4245 shall determine that the conditions specified in the following section 4247 exist, the commitment shall be governed by section 4248 as herein provided.

§ 4247. **Alternate procedure on expiration of sentence**

Whenever the Director of the Bureau of Prisons shall certify that a prisoner whose sentence is about to expire has been examined by the board of examiners referred to in title 18, United States Code, section 4241, and that in the judgment of the Director and the board of examiners the prisoner is insane or mentally incompetent, and that if released he will probably endanger the safety of the officers, the property, or other interests of the United States, and that suitable arrangements for the custody and care of the prisoner are not otherwise available, the Attorney General shall transmit the certificate to the clerk of the court for the district in which the prisoner is confined. Whereupon the court shall cause the prisoner to be examined by a qualified psychiatrist designated by the court and one selected by the prisoner, and shall, after notice, hold a hearing to determine whether the conditions specified above exist. At such hearing the designated psychiatrist or psychiatrists shall submit his or their reports, and the report of the board of examiners and other institutional records relating to the prisoner's mental condition shall be admissible in evidence. All of the psychiatrists and members of the board who have examined the prisoner may be called as witnesses, and be available for further questioning by the court and cross-examination by the prisoner or on behalf of the Government. At such hearing the court may in its discretion call any other witnesses for the prisoner. If upon such hearing the court shall determine that the conditions specified above exist, the court may commit the prisoner to the custody of the Attorney General, or his authorized representative.

§ 4248. **Termination of custody by release or transfer**

Whenever a person shall be committed pursuant to section 4247 of this title, his commitment shall run until the sanity or mental competency of the person shall be restored or until the mental condition of the person is so improved that if he be released he will not endanger the safety of the officers, the property, or other interests of the United States, or until suitable arrangements have been made for the custody and care of the prisoner by the State of his residence, whichever event shall first occur. Whereupon the Attorney General or his authorized representative shall file with the court which made said commitment a certificate stating the termination of the commitment and the ground therefor: *Provided however,* That nothing herein contained shall preclude a prisoner committed under the authority of section 4247 hereof from establishing his eligibility for release under the provisions of this section by a writ of habeas corpus. The Attorney General or his authorized representative shall have authority at any time to transfer a prisoner committed to his custody under the authority of section 4246 or section 4247 hereof to the proper authorities of the State of his residence.