UNITED STATES of America,
Plaintiff-Appellee,

v.

William Charles OHNICK,
Defendant-Appellant.

No. 85–5250.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 2, 1986.

Decided Nov. 6, 1986.

Charles Lee, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Before WALLACE and KOZINSKI, Circuit Judges, and CARROLL,* District Judge.

WALLACE, Circuit Judge:

Ohnick appeals a district court ruling that it would not hold a hearing pursuant to 18 U.S.C. § 4246, to determine whether Ohnick's release would create a substantial risk to others. Because this ruling is not a final judgment for purposes of 28 U.S.C. § 1291, we dismiss the appeal.

---

* Honorable Earl H. Carroll, United States District Judge, District of Arizona, sitting by designa- tion.

## I

On April 5, 1985, Ohnick stabbed to death an employee of the Veterans Administration Medical Center in Los Angeles. Ohnick had previously been treated there for various mental disorders. Ohnick was arrested and subsequently indicted for murder in the Central District of California (the California court). Both the government and defense counsel agreed that Ohnick was incompetent to stand trial. Therefore, pursuant to 18 U.S.C. § 4241(d), Ohnick was committed to the custody of the Attorney General and was temporarily sent to the Federal Medical Correctional Institute in Springfield, Missouri for treatment and evaluation.

On November 12, 1985, Ohnick appeared in the California court for a final determination on his competency to stand trial. The court found that neither was Ohnick presently competent nor was there a substantial probability that he would obtain competency in the foreseeable future. As a result, Ohnick was then subject to the provisions of 18 U.S.C. § 4246. Under that statute, a dangerousness hearing must be held if the director of the facility holding a patient certifies that his release "would create a substantial risk of bodily injury to another person or serious damage to property of another" and suitable state care is unavailable. 18 U.S.C. § 4246(a). In a dangerousness hearing, the district court determines whether the assessment of the director of the facility is correct. *Id.* Over the objection of Ohnick's counsel, however, the court refused to set a specific date by which the dangerousness hearing must be initiated. The court also rejected a defense motion that any dangerousness hearing be held in the California court, and not in the Western District of Missouri (the Missouri court), the location of the Springfield facility where Ohnick had been returned for further evaluation. Ohnick appeals both of these rulings.

## II

 We have been advised that the Missouri court recently scheduled a dangerousness hearing which has been continued pending resolution of this appeal. Thus, the issue whether the California court should have required that a hearing be initiated by a certain date is moot. The only issue remaining before us is whether the California court erred in refusing to assert jurisdiction over Ohnick's dangerousness hearing. We do not reach this issue because the California court's ruling is neither final for purposes of 28 U.S.C. § 1291, nor does it fall within any of the narrow exceptions to the finality requirement.

The competency determination has several steps. First, the court must inquire into the competency of the accused to stand trial. 18 U.S.C. § 4241(a). Second, if the court finds that the defendant suffers from a mental disorder rendering him incompetent to stand trial, it must commit the defendant to the custody of the Attorney General for treatment in a suitable facility to determine whether the defendant is likely to become competent. 18 U.S.C. § 4241(d). Third, upon a finding of long-term incompetency, a hearing may be held to determine whether the accused is dangerous and in need of further detention. 18 U.S.C. § 4246(a). The California court's ruling came in the middle of this process. Only after the dangerousness hearing does a commitment order under section 4246 become final. *See United States v. Cheama*, 730 F.2d 1383, 1385 (10th Cir.1984) (*Cheama*) (dicta). At that point, review is available under 28 U.S.C. § 1291. That has not occurred in this case and thus the order from which Ohnick appeals is not final.

 Ohnick argues, however, that the California court's ruling falls within the narrow collateral order exception to the final judgment rule carved out by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (*Cohen*). *Cohen* permits immediate appeals from a small class of interlocutory orders that "[ (1) ] conclusively determine a disputed question, [ (2) ] resolve an important issue completely separate from the merits of the action, and

[(3) that are] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). The *Cohen* principle is limited to an "asserted right the legal and practical value of which could be destroyed if it were not [immediately] vindicated." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981), *quoting United States v. MacDonald,* 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978). Because of the need for prompt resolution when a person is accused of committing a crime, the Supreme Court "has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases." *Flanagan v. United States,* 465 U.S. 259, 265, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984). Therefore, this narrow exception to the final judgment rule is appropriate in criminal cases "only when observance of [the final judgment rule] would practically defeat the right to any review at all." *Id., quoting Cobbledick v. United States,* 309 U.S. 323, 324–25, 60 S.Ct. 540, 540–41, 84 L.Ed. 783 (1940). The question is whether the California court's refusal to hold the dangerousness hearing falls within the *Cohen* exception.

The only way that the California court's ruling would be effectively unreviewable on appeal would be if it somehow completely deprived him of a dangerousness hearing. Such a situation could arise, Ohnick argues, if the Missouri court grants his pending motion to dismiss the dangerousness hearing for lack of jurisdiction. If the court did so, Ohnick argues he will be foreclosed from asserting his claim in either of the two district courts that could provide relief. He contends that dismissal by the Missouri court would preclude it from holding the hearing, and that the California court has already refused to assert jurisdiction. At that point, Ohnick argues, because he would be deprived of his statutory right to a dangerousness hearing, the California court's ruling would be "effectively unreviewable on appeal." Ohnick concludes that if we cannot reach the mer-

its in this appeal, neither of the district court rulings would be appealable because neither would be final.

We are not persuaded. If the Missouri court denies the motion to dismiss, it will presumably then hold a dangerousness hearing. The outcome of that hearing will be final for purposes of 28 U.S.C. § 1291, and Ohnick can raise on appeal his contention that only the California court may make the dangerousness determination. If the Missouri court dismisses, Ohnick will then have a basis for bringing a petition for a writ against the appropriate district court requesting that it be ordered to hold the statutorily required dangerousness hearing. The jurisdictional dispute can then be resolved in that proceeding. Therefore, the collateral order exception does not apply. *See Cheama,* 730 F.2d at 1386 (holding that an appeal brought after a defendant was committed for evaluation, but prior to a finding of long-term incompetency, does not fall within the collateral order exception).

### III

We hold that the order of the California court denying Ohnick a dangerousness hearing in that forum is not final for purposes of 28 U.S.C. § 1291. We also hold that the ruling does not fall within the narrow collateral order exception carved out by *Cohen* and its progeny. In so ruling, we intimate no view on the merits of Ohnick's claim that the dangerousness hearing should be held before the court that originally found him incompetent. A ruling on the merits of that issue must await a final appealable judgment or an appropriate writ proceeding.

APPEAL DISMISSED.