805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas G. DEAN, Plaintiff-Appellant,
v.
Joel FELDMAN; William Toliver; Bruce Maloy, Defendants-Appellees.
 No. 86-6623.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1986.
Decided Nov. 17, 1986.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr. District Court. (C/A No. 86-506-HC)
 Thomas G. Dean, appellant pro se.
 E.D.N.C.
 DISMISSED.
 Before ERVIN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas G. Dean appeals from an order of the United States District Court for the Eastern District of North Carolina accepting the magistrate's recommendation that Dean's Sec. 1983 suit be dismissed as frivolous.
 
 
 2
 Dean's suit, though styled in constitutional lines, is essentially an attack on his commitment to a federal mental hospital to determine his competency to stand trial in Georgia on food stamp fraud charges. Dean was committed by order of a magistrate of the United States District Court for the Northern District of Georgia.
 
 
 3
 We have held before, and repeat here, that a challenge to a commitment order made pursuant to 18 U.S.C. Secs. 4241-4246 should be made in the criminal case in which a defendant is charged, for the case remains pending until the prosecution is ended. United States v. Curry, 410 F.2d 1372, 1374 (4th Cir.1969). "[T]here is every reason to require finality in the incompetency hearing process before entertaining review." United States v. Cheama, 730 F.2d 1383, 1386 (10th Cir.1984). Dean is primarily a ward of the committing court. Because the committing court has the primary responsibility in determining Dean's competency to stand trial, "before any habeas corpus relief could even be considered, the petitioner must seek and be denied relief by the committing court." Glenn v. Ciccone, 370 F.2d 361, 363 (8th Cir.1966). We express no opinion whether a commitment order made pursuant to 18 U.S.C. Secs. 4241 or 4246 fits within the "collateral order" doctrine so direct, interlocutory appellate review would be proper. See United States v. Gold, 790 F.2d 235 (2d Cir.1986). We hold only that a Sec. 1983 suit is an inappropriate avenue to seek relief of interim, non-final commitment orders in criminal cases.
 
 
 4
 We agree with the district judge and the magistrate that Dean's Sec. 1983 suit is frivolous. We deny a certificate of probable cause to appeal, though, on the ground that Dean must seek relief within the pending criminal case in the committing court, the District Court for the Northern District of Georgia.
 
 
 5
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 DISMISSED.