953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raphael MENDEZ, Plaintiff-Appellant,
v.
FEDERAL CORRECTIONAL INSTITUTION, BUTNER, NC; Sally
Johnson; Kelvin McBride; John T. Hadden, Warden,
Defendants-Appellees.
 No. 91-6125.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 18, 1991.
Decided Jan. 16, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh, No. CA-91-383-BR, W. Earl Britt, District Judge.
 Raphael Mendez, appellant pro se.
 E.D.N.C.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Raphael Mendez appeals from an order of the district court dismissing as frivolous under 28 U.S.C. § 1915(d) (1988) his claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because these claims should have been brought in the committing court. Mendez seeks expedited review in this Court. We affirm in part, and vacate and remand in part.
 
 
 2
 Mendez was charged with federal offenses in the District Court for the District of the Virgin Islands and was committed to the Federal Correctional Institute in Butner, North Carolina, for a competency evaluation pursuant to 18 U.S.C. § 4241 (1988). Mendez filed the present action challenging both his commitment under § 4241 and the forced administration of antipsychotic medication.* The district court, noting that challenges to a commitment order must be brought in the committing court, dismissed the complaint under § 1915(d).
 
 
 3
 The district court was correct that challenges to a commitment order under § 4241 should be brought in the committing court. United States v. Curry, 410 F.2d 1372, 1374 (4th Cir.1969). Accordingly, we affirm the dismissal of this claim.
 
 
 4
 Involuntarily committed individuals have a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the" Constitution. Washington v. Harper, 494 U.S. 210, 221-22 (1990); United States v. Charters, 863 F.2d 302, 305 (4th Cir.1988) (en banc), cert. denied, 58 U.S.L.W. 3565 (U.S.1990). In Charters, we held that a challenge to forced medication by a person confined at FCI-Butner must be brought in the Eastern District of North Carolina and was not properly before the original committing court. Charters, 863 F.2d at 314.
 
 
 5
 Because Mendez's challenge to the forced medication proceeds upon a viable legal theory and his factual allegations are not entirely fanciful, see Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), and because such claims must be brought in the Eastern District of North Carolina, the district court abused its discretion in dismissing this portion of Mendez's claims.
 
 
 6
 Accordingly, we affirm the dismissal of Mendez's challenge to his § 4241 commitment. We vacate the dismissal of his claim concerning forced administration of antipsychotic medication and remand that claim to the district court for further consideration. We deny Mendez's Motion Requesting Investigation and his Motion for Speedy Trial. Mendez's motion for expedited handling of this appeal is mooted by this disposition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 Mendez has subsequently been committed under 18 U.S.C. § 4246 (1988). He has appealed that commitment and that appeal is currently pending before the Court. The present appeal, however, concerns only his commitment under § 4241