999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Bernard GRANT, Petitioner-Appellant,
v.
Stephen KAISER, Warden; Susan B. Loving, Attorney General
of Oklahoma, Respondents-Appellees.
 No. 92-5129.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant John Bernard Grant appeals from an order of the district court granting his petition for habeas relief filed pursuant to 28 U.S.C. § 2254. We affirm.
 
 
 2
 Initially, this court sua sponte raised the issue of whether we have jurisdiction over this appeal. See 28 U.S.C. § 1291; cf. Alexander v. Anheuser-Busch Co., 990 F.2d 536, 538 (10th Cir.1993). We conclude the district court's order was final and appealable.
 
 
 3
 On appeal, petitioner argues the district court erred in not giving him the choice of being resentenced or withdrawing his guilty plea. Petitioner argues the court did not address two of his issues: (1) the state court erred by amending his sentence, and (2) he had ineffective assistance of counsel. He also argues his sentence has been improperly enhanced since his resentencing.
 
 
 4
 Whether petitioner should be resentenced in accordance with the terms of the plea agreement or be permitted to withdraw his plea is left to the discretion of the state court. See Santobello v. New York, 404 U.S. 257, 263 (1971). Petitioner has no right to choose which option to pursue. Id.
 
 
 5
 Petitioner's allegation that the state court erred by permitting amendment of his sentence was subsumed into the grant of habeas relief. We may resolve the issue of whether petitioner had ineffective assistance of counsel if the supporting factual record is sufficiently developed. Cf. United States v. Cheama, 783 F.2d 165, 168 (10th Cir.1986). Here, the record is sufficient to permit review.
 
 
 6
 In considering whether counsel's performance was ineffective in a plea proceeding, we look at whether counsel's representation fell below an objective standard of reasonableness and, if so, whether a reasonable probability exists that, but for counsel's errors, petitioner would not have pleaded guilty, but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 7
 Petitioner alleged counsel "took deliberate actions" to forfeit his right to a speedy trial, lied to him, and did not question witnesses. Petitioner alleged that as a consequence he was forced to represent himself.
 
 
 8
 In state court, petitioner moved to dismiss appointed counsel because counsel had not consulted with him, had not questioned witnesses as requested, and had lied to him. Counsel explained his strategy. We proceed under the strong presumption that counsel's strategy decisions are reasonable. See Strickland v. Washington, 466 U.S. 668, 689 (1984). Our review of the record does not rebut that presumption. Further, the record shows no "deliberate action" on the part of appointed counsel to forfeit petitioner's speedy trial rights. Petitioner has failed to show ineffective assistance of counsel.
 
 
 9
 Finally, petitioner argues his sentence has been improperly enhanced because his parole docket has not been advanced and he has not been credited for 1,620 earned good time credits. This argument was not presented to the district court and will not be considered for the first time on appeal. See Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).
 
 
 10
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. Petitioner's outstanding motions, including his motion for leave to submit additional arguments in support of his appeal, are DENIED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3