UNITED STATES of America,
Plaintiff—Appellee,

v.

Walter Scot BOIGEGRAIN,
Defendant—Appellant.

No. 96–1548.

United States Court of Appeals,
Tenth Circuit.

Sept. 8, 1997.

David M. Conner, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the brief), Denver, CO, for Defendant–Appellant.

Walter Scot Boigegrain, Pro Se.

Charlotte Mapes, Assistant United States Attorney (Henry L. Solano, United States Attorney, with her on the brief), Denver, CO, for Plaintiff–Appellee.

Before SEYMOUR, Chief Judge, PORFILIO, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, HENRY, BRISCOE, LUCERO and MURPHY, Circuit Judges.

PER CURIAM.

Walter Boigegrain appeals an order of the district court entered pursuant to 18 U.S.C. § 4241(d) committing him to the custody of the Attorney General for a period not to exceed four months to determine whether competency to stand trial is likely to be attained. The issue is whether we have jurisdiction over the appeal. We note that most of the other circuits which have considered this matter have concluded that there is jurisdiction over such orders and, accordingly, order en banc consideration to reassess our holding to the contrary in *United States v. Cheama,* 730 F.2d 1383 (10th Cir.1984).

## BACKGROUND

The defendant was arrested and subsequently indicted on two counts of threats against a federal law enforcement officer and his family. At the scheduled arraignment, the government requested that he undergo a psychiatric examination. The magistrate judge ordered him to undergo a mental health examination and treatment as a condition of bond.

While on bond, the defendant was evaluated by a psychiatrist. The defendant's counsel then filed a motion for determination of mental competency to stand trial. The motion requested that a psychiatrist be appointed and that the examination be conducted while the defendant was at liberty on bond. The motion specifically requested that the defendant not be committed during the pendency of the examination. The motion was granted, the defendant was ordered to undergo a psychiatric and psychological examination, and a competency hearing was set.

Because the defendant failed to keep appointments with the psychiatrist, the government moved for the commitment of the defendant for the purpose of a psychological

examination for a period not to exceed 30 days. The district court granted the motion. Following completion of the psychiatric examination, the defendant was released from custody. When he did not appear for the scheduled competency hearing, he was arrested pursuant to a warrant issued by the district court and bond was revoked.

A competency hearing was subsequently held and the district court determined that the defendant was incompetent to stand trial and ordered him committed for a period not to exceed four months to determine whether there was a substantial probability that, in the foreseeable future, he would be able to stand trial. The defendant filed a timely notice of appeal pro se.[1]

On appeal, counsel for the defendant moved to withdraw, stating that this court lacked jurisdiction. We denied the motion and ordered the defendant to show cause why the appeal should not be dismissed for lack of jurisdiction. After receiving the defendant's response, we ordered counsel for both the government and the defendant to file memorandum briefs addressing the jurisdictional issue. The briefs have been filed and the jurisdictional matter is at issue.

## DISCUSSION

The procedure to be followed when there is reasonable cause to believe that a defendant is not competent to stand trial is found in 18 U.S.C. § 4241. Section 4241(a) provides that the court shall conduct a hearing to determine the mental capacity of the defendant on motion by the government, the defendant or sua sponte. Prior to the hearing, under § 4241(b), the court may order that a psychiatric or psychological examination of the defendant be conducted and that a report be filed with the court. Section 4241(d) then provides:

If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he

is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and

(2) for an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

(B) the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.

Section 4246 provides for the indefinite hospitalization, following a hearing (the "dangerousness hearing"), of a person who is otherwise due to be released from commitment but who is suffering from a mental disease or defect which would create a substantial risk of harm to the person or property of another if he were released.

In *Cheama*, this court held that an order committing a defendant for six months under the prior statutory scheme, which allowed a defendant to be committed for a "reasonable time" to determine whether competency is likely to be attained, was not appealable. 730 F.2d at 1386. We concluded that a commitment order is appealable only after the district court determines, upon a finding of

---

1. Although the defendant's commitment has concluded, there is no question that a justiciable case or controversy is presented that will not be mooted by his release. Because commitments ordered pursuant to § 4241(d) will often be concluded before the appellate process is complete,

the issue presented here is "'capable of repetition, yet evading review.'" *United States v. Gundersen*, 978 F.2d 580, 581 n. 1 (10th Cir.1992)(quoting*Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973)).

long-term incompetency, that a defendant is dangerous and in need of federal custody.

■ We rejected the application of the collateral order doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[2]

Orders which commit defendants to long-term custody of the United States certainly fit squarely within the narrow class of collateral orders defined in *Cohen.* ... However, there is every reason to require finality in the incompetency hearing process before entertaining review.

. . . .

When the defendant filed this appeal, the district court was at least temporarily divested of jurisdiction to act further. However, the defendant contests the court's failure to conduct the required hearings and make necessary findings. This is the kind of disruption of the judicial process that the finality requirement was designed to avoid. *Although criminal defendants may appeal commitment orders, they must do so only at the conclusion of the statutory process . . . .*

*Cheama*, 730 F.2d at 1385–86 (emphasis added).

The majority of circuits which have considered whether a commitment order for an evaluation under § 4241(d) is appealable have concluded that there is jurisdiction.[3]

The Second Circuit specifically rejected *Cheama* and concluded that an appeal of a § 4241(d) commitment order fell within the collateral order doctrine. *United States v. Gold*, 790 F.2d 235, 238–239 (2d Cir.1986). The court determined that the issue of competency to stand trial is entirely separate from the question of guilt or competency at the time the offense was committed. *Id.* at 238. The court also determined that an order of commitment has a "sufficient degree of importance" to warrant immediate review. *Id.* "If a defendant is not incompetent, he should not be confined in a psychiatric hospital." *Id.* at 239. The order was found sufficiently final to warrant immediate appellate review.

[T]he order on appeal made a factual finding that [defendant] was not currently competent to stand trial, and on that basis deprived him of his liberty for a period of at least four months. We regard this order as conclusively determining [defendant's] present right to be at liberty prior to trial.

*Id.* See also *United States v. Sherman*, 912 F.2d 907 (7th Cir.1990)(reviewing merits of a § 4241(d) commitment order without discussing jurisdiction); *United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir.1990)(citing to *Cohen* and *Gold*, concluded that there was jurisdiction to review a § 4241(d) commitment order); *United States v. White*, 887 F.2d 705 (6th Cir.1989)(reviewing merits of § 4241(d) commitment order without discussing jurisdiction).

At least two circuits have even held that a commitment order under § 4241(b) for the initial competency evaluation is appealable under *Cohen.* See *United States v. Weissberger*, 951 F.2d 392, 395–97 (D.C.Cir.1991); *United States v. Davis*, 93 F.3d 1286, 1289 (6th Cir.1996). In *Weissberger*, the District of Columbia Circuit, holding that a thirty-day competency commitment order was appealable, stated:

an appeal from a competency evaluation order is analogous to an appeal from a denial of bail. If appeal is not allowed from an order requiring pretrial detention, there can be no remedy for the resulting

---

2. In *Cohen*, the Supreme Court held that certain orders collateral to the merits had sufficient finality such as to allow interlocutory appeals. 337 U.S. at 546, 69 S.Ct. at 1225. To fall within *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). A party seeking to appeal under *Cohen* must meet all three requirements. *Digital Equip.*, 511 U.S. at 867, 114 S.Ct. at 1995.

3. We recognize that the Ninth Circuit in *United States v. Ohnick*, 803 F.2d 1485, 1486 (9th Cir. 1986), agreed with *Cheama* in concluding that only after the dangerousness hearing, which is now covered by § 4246, does a commitment order become appealable. However, we believe that the majority rule is the better-reasoned approach.

loss of liberty.... The issue becomes moot upon conviction and sentence. The same is true here.... If he is declared competent and the trial proceeds, post-confinement review will provide no relief for the loss of liberty associated with the competency evaluation.

.... As in the case of pretrial detention, an appellant cannot be left without recourse to appellate review in a situation where he faces immediate and significant loss of personal liberty.

951 F.2d at 396–97. *But see United States v. Barth*, 28 F.3d 253, 255–56 (2d Cir.1994)(refusing to extend *Gold* to § 4241(b) commitments).

We recognize that the Supreme Court has "interpreted the collateral order exception 'with the utmost strictness' in criminal cases." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989)(quoting *Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984)). The order must "conclusively determine the disputed question," "resolve an important issue completely separate from the merits of the action," and "be effectively unreviewable on appeal from a final judgment." *Flanagan*, 465 U.S. at 265, 104 S.Ct. at 1054.

The Supreme Court has applied the collateral order doctrine to three categories of criminal cases: denial of bail motions, *Stack v. Boyle*, 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951); denial of motions to dismiss based on double jeopardy, *Abney v. United States*, 431 U.S. 651, 658–59, 97 S.Ct. 2034, 2039–40, 52 L.Ed.2d 651 (1977); and denial of motions to dismiss based on the Speech and Debate Clause, *Helstoski v. Meanor*, 442 U.S. 500, 506–07, 99 S.Ct. 2445, 2448–49, 61 L.Ed.2d 30 (1979). We have extended the exception in *United States v. P.H.E., Inc.*, 965 F.2d 848 (10th Cir.1992). In *P.H.E.* we held that the defendants presented a First Amendment "right not to be tried", *id.* at 853, which would be "lost, probably irreparably," if review had to await final judgment. *Id.* (quotations omitted).

■ We agree with the Second Circuit that a § 4241(d) commitment order meets the requirements of *Cohen*. *Gold*, 790 F.2d at 238–39. It is analogous to the denial of

bail. As in the denial of bail, if the appeal is not allowed there can be no remedy for the resulting loss of liberty. Moreover, the loss of liberty under § 4241(d) may well exceed the initial four months. In *United States v. Ecker*, 30 F.3d 966, 969 (8th Cir.), *cert. denied*, 513 U.S. 1064, 115 S.Ct. 679, 130 L.Ed.2d 611 (1994), the court held that a § 4241(d)(2) commitment for an additional four months following a commitment for four months under § 4241(d)(1) did not violate due process because the total time for commitment to determine competency to stand trial, four years, due to several evaluations being made, was far less than the possible sentence. *See also United States v. DeBellis*, 649 F.2d 1 (1st Cir.1981)(holding that, under the same statutory scheme involved in *Cheama*, a defendant cannot be committed for determination of competency for a period longer than the maximum possible sentence he faces). A defendant must not be left without recourse to appellate review where there is an immediate and significant loss of personal liberty.

■ Accordingly, we hold that a § 4241(d) commitment order is appealable. We express no opinion on the appealability of a § 4241(b) commitment order.

Briefing on the merits shall proceed. The defendant's opening brief shall be served and filed within 30 days of the date of this opinion. The government's answer brief shall be served and filed within 21 days of the date of service of the defendant's brief. The defendant may file a reply brief within 14 days of service of the government's brief.

Judge Lucero, Circuit Judge, with whom Baldock and Kelly, Circuit Judges, join, dissenting.

In my view, *United States v. Cheama*, 730 F.2d 1383 (10th Cir.1984), was correctly decided. In insisting upon a "final disposition of the competency issue before an appeal may lie," Judge Doyle, writing for the *Cheama* panel, acknowledged that a commitment order is a collateral order reviewable under 28 U.S.C. § 1291. *Id.* at 1385. He insisted on final determination of the competency issue based on the practical consideration that an appeal would disrupt proceedings during

the evaluation period by temporarily divesting the trial court of jurisdiction to act further.

That practical consideration remains today in full force. Except in cases where a stay is granted, the unavoidable consequence in allowing an appeal of a step-two temporary confinement order will be to prolong, not shorten, a committed defendant's evaluative detention. The majority's approach may appear to protect the rights of defendants in Mr. Boigegrain's position, but in actuality has a counter effect. Inevitably, the appeal process—from the notice of appeal and filing of briefs to final disposition by the court—will take longer than the period of temporary confinement. We could attempt to shorten the process by evaluating promptly in forma pauperis cases for frivolousness, but we are unable to do so because we still have to see briefs on the merits to make that determination—the four-month period of temporary incarceration would likely expire before that procedure is complete. While the appeal is pending, the defendant would remain incarcerated because an appeal of a step-two order of temporary confinement deprives the district court of jurisdiction to act further. *Cheama*, 730 F.2d at 1385.

Even assuming that such an appeal does not prolong the defendant's temporary confinement, as the majority seems to, Majority Opinion at 3 n. 1 (assuming defendant's four-month confinement has concluded), an affirmance of a step-two order of temporary confinement will, in many cases, be followed by a step-three commitment order which, all agree, is final for purposes of appeal. The majority's approach will therefore often result in two appeals, which "is the kind of disruption of the judicial process that the finality requirement was designed to avoid." *Id.* at 1386. I would dismiss the present appeal on grounds that the order appealed from does not represent a final determination of defendant's competency to stand trial.