**UNITED STATES of America, Appellee,**

v.

**Leslie R. BARTH, Defendant–Appellant.**

**No. 94–1020.**

United States Court of Appeals,
Second Circuit.

Submitted Feb. 15, 1994.

Decided June 20, 1994.

**254**

Christopher F. Droney, U.S. Atty., Calvin B. Kurimai, Asst. U.S. Atty., New Haven, CT, submitted papers for appellee.

John T. Walkley, Trumbull, CT, submitted papers for defendant-appellant.

Before: NEWMAN, Chief Judge, MAHONEY and CAMPBELL,* Circuit Judges.

JON O. NEWMAN, Chief Judge:

The narrow issue presented by this motion to dismiss an interlocutory appeal in a criminal case is whether a district court's order committing a defendant for a preliminary psychiatric evaluation is appealable under the collateral order doctrine. The issue arises on an appeal by Leslie R. Barth from the December 23, 1993, order of the District Court for the District of Connecticut (Alan Nevas, Judge). We conclude that the order is not appealable and therefore dismiss the appeal.

## Background

*Statutory framework.* Title 18 contains several provisions that are pertinent to the issue before us. In general, these provisions establish two somewhat similar sets of procedures applicable to unsentenced defendants whose mental condition is in question. The first set of procedures contemplates a determination of whether the defendant is or was competent to stand trial. The second set of procedures contemplates a determination of whether the defendant should be hospitalized in lieu of imprisonment.

*The "competency" procedure.* Section 4241(a) provides that at any time after the commencement of a prosecution for an offense and prior to sentencing, the defendant may file a motion for a hearing to determine mental competency. Section 4241(b) provides that prior to such hearing, the court may order a psychiatric examination of the defendant. Section 4247(b) provides that for purposes of the examination ordered under section 4241(b), the court may commit the defendant for a period not to exceed 30 days, subject to an extension not to exceed 15 additional days.

Section 4241(d)(1) provides that if, after the section 4241(b) hearing, the court finds that the defendant is presently incompetent to stand trial, it shall commit the defendant for up to four months for a determination of whether there is a substantial probability that in the foreseeable future he will be able to stand trial. Section 4241(d)(2) authorizes an additional period of commitment if the court finds a substantial probability that within such period the defendant will regain the capacity to stand trial.

*The "hospitalization-in-lieu-of-imprisonment" procedure.* Section 4244(a) provides that a defendant found guilty of an offense may move, within ten days after the finding of guilty and before sentencing, for a hearing to determine present mental condition. This subsection also authorizes the court on its own motion to order such a hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

Analogous to section 4241(b), section 4244(b) authorizes a psychiatric examination of the defendant prior to the section 4244(a) hearing. Section 4247(b) also makes the 30-day commitment authority, extendable to 45 days, available for examinations ordered under section 4244(b).

---

* The Honorable Levin H. Campbell of the United States Court of Appeals for the First Circuit, sitting by designation.

Section 4244(d) provides that if the court finds after the section 4244(a) hearing that the defendant is suffering from a mental disease or defect and that he should be committed to a suitable facility in lieu of imprisonment, the Court shall commit the defendant.

*The procedure in Barth's case.* Following his conviction in the District Court, Barth moved, before sentencing, for a psychiatric and psychological evaluation pursuant to section 4244 and for authorization to incur expenses for that purpose. The motion was granted. An examining psychiatrist reported that Barth was suffering from a chronic psychiatric disorder and that he had been suffering from such a disorder at the time of his offense and at the time of his trial. Based on this report, the defendant moved for a new trial. After a hearing on the motion, the District Court on December 23, 1993, entered an order committing Barth to the custody of the Attorney General for a psychiatric and psychological evaluation to be performed at the Federal Correctional Institution at Butner, North Carolina. We subsequently declined to stay the December 23 order.

### Discussion

Since Barth's motion was filed more than ten days after he was found guilty, the Court's authority to inquire into mental competency presumably derived from the provision of section 4244 that authorizes the Court on its own motion to determine the present mental condition of a defendant found guilty but not yet sentenced. The Government suggests that the Court might also have been invoking the authority contained in section 4241 to determine competency to stand trial, an authority that is available at any time prior to sentencing. Whether initially using the authority of section 4241 or 4244 in ordering the defendant examined without a commitment, the Court thereafter received the report of the examining psychiatrist and concluded that a commitment was necessary in order to make an ultimate determination. Section 4247(b) authorized that commitment, whether the Court was acting pursuant to section 4241 or 4244.

The Court's commitment order explicitly relies on both sections 4241 and 4244. The Court found reasonable cause to believe that the defendant may be suffering from a mental disease that rendered him incompetent to stand trial (section 4241) and also found reasonable cause to believe that he may be suffering from a mental disease that requires hospitalization (section 4244). As of the date this appeal was heard, the District Court had not received the report from Butner and had therefore not proceeded to determine either competency to stand trial under section 4241 or the appropriateness of hospitalization in lieu of sentencing under section 4244.

Our concern on this appeal is solely the appealability of the interlocutory order making the commitment that could serve as the basis for a decision as to competency to stand trial or hospitalization in lieu of sentencing. In *United States v. Gold,* 790 F.2d 235 (2d Cir.1986), we considered the appealability of a commitment order entered under section 4241(d) *after* a determination that a defendant is incompetent to stand trial—a commitment to determine whether competency to stand trial would be regained or hospitalization would be necessary. Characterizing that order, which had committed the defendant for up to four months, as a "second-step" commitment order, we ruled that it was appealable under the collateral order doctrine. In dictum, we stated that a so-called "first-step" order, an order committing the defendant for an examination to aid the determination of whether the defendant was competent to stand trial, would not be appealable.

To the extent that the commitment order sought to be appealed in this case rests on section 4241, we believe it is appropriate to follow the dictum of *Gold* and hold that such a "first-step" order is not appealable. Moreover, to the extent that the commitment order rests on section 4244, we believe that the order is also a "first-step" order, albeit a first step in advance of a second step that, if taken, could result in a more extended commitment—a commitment to hospitalization in lieu of imprisonment. In either event, the "first-step" commitment order, authorized by section 4247(b), is a preliminary step that will promptly return the matter to the District Court for an ultimate determination. Though such an order is of obvious concern

to a defendant, it does not "resolve an important issue completely separate from the merits of the action," *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978), so as to fall within the collateral order doctrine. *But see United States v. Weissberger,* 951 F.2d 392 (D.C.Cir.1991) ("first-step" commitment order appealable). By "merits" we do not mean the issue of whether the defendant is guilty of the offense charged, but the issue of whether his mental condition is such that he is either incompetent to stand trial or currently in need of hospitalization in lieu of the imprisonment. The commitment for examination is preliminary to that determination. *Cf. United States v. Cheama,* 730 F.2d 1383, 1385–86 (10th Cir.1984) (second-step commitment order not appealable until conclusion of inquiry as to mental condition). Moreover, denying appealability does not leave the defendant without any remedies in extraordinary situations. The lawfulness of the confinement could, in appropriate cases, be tested in the district of commitment by petition for a writ of habeas corpus, and a commitment order entered wholly in excess of a district court's jurisdiction could be challenged by petition for a writ of mandamus. We think these remedies suffice and that the expeditious resolution of these difficult inquiries should not be impeded by interlocutory appeals of "first-step" commitment orders.

The appeal is dismissed.