**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFRED RAY BRANNON,

Defendant-Appellant.

No. 99-2319

D. N.M.

(D.C. No. CR-99-865-SC)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **PORFILIO** , Circuit Judges, and **WEINSHIENK** , District Judge. **

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable Zita Weinshienk of the United States District Court for the District of Colorado, sitting by designation.

Alfred Ray Brannon appeals the district court ordering referring him for a mental health evaluation pursuant to 18 U.S.C. §§ 4241(a), 4242, 4247, and Fed. R. Crim. P. 12.2(c). His initial commitment period of 45 days has expired. Nevertheless, he still challenges the authority of the district court to order the mental health examination.

We note at the outset, that although Mr. Brannon's case appears moot in that he is no longer in the custody of a federal mental health facility, and there is no further relief we can afford him, there is precedent to suggest that his situation is justiciable. In United States v. Deters, 143 F.3d 577, 578 n.2 (10th Cir. 1998), we held that review of section 4247(b) commitment orders that have been terminated may present situations "capable of repetition, yet evading review." United States v. Boigegrain, 122 F.3d 1345, 1347 n.1 (10th Cir. 1997) (noting conclusion of defendant's commitment order entered under § 4241(d) did not moot a justiciable case or controversy) (en banc) (per curiam); but see United States v. Weston, 194 F.3d 145, 147 (D.C. Cir. 1999) (noting, in the context of a § 4241 order where the defendant did not submit to the examination, "'if [] event[s] occur while a case is pending on appeal that make[] it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed [as moot]'") (quoting Church of Scientology of Calif. v. United

States, 506 U.S. 9, 12 (1992)).  Thus, giving Mr. Brannon the benefit of the doubt, we will review his appeal following Deters.

Our standard of review was set forth in Deters: we "'should give appropriate deference not only to [the district court's] findings but also to the conclusion reached by the district court' regarding the appropriateness of confinement." 143 F.3d at 584 (quoting In re Newchurch, 807 F.2d 404, 412 (5th Cir. 1986)).  The district court's findings of fact are reviewed for clear error.  See In re Newchurch, 807 F.2d at 412.

After thorough review, we find no error, clear or otherwise, in the district court's careful evaluation and determination of the facts. The district court's conclusion as to its inherent authority to order a mental health examination was "reached in [its] sound exercise of judgment founded on the facts."[1]  Likewise, we find no error in its conclusions of law, especially under the deferential standard.

Consequently, with the exception of only the district court's conclusion that it may order a psychiatric examination under Rule 12.2(c), we affirm for substantially the same reasons articulated by the district court in its October 22,

---

[1]  Id.  Because in this case the court has the inherent authority to order a mental health evaluation, we have no need to reach the issue whether under Fed. R. Crim. P. 12.2(c) authorizes the court to order a mental health exam in the absence of the defense of insanity.

1999 order,  <u>see</u> Rec. vol. IX, doc. 53, and for that reason we decline to articulate

the same analysis here.


                                            Entered for the Court,


                                            Robert H. Henry
                                            Circuit Judge