*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0279p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

No. 06-5328

ISAAC JONES, JR.,

*Defendant-Appellee.*

>

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 03-00226—Curtis L. Collier, Chief District Judge.

Argued: April 20, 2007

Decided and Filed: July 23, 2007

Before: RYAN and GRIFFIN, Circuit Judges; HOOD, Chief District Judge.[*]

---

## COUNSEL

**ARGUED:** Steven S. Neff, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellant. Rita C. LaLumia, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Steven S. Neff, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellant. Rita C. LaLumia, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellee.

---

## OPINION

---

RYAN, Circuit Judge. The defendant, Isaac Jones, Jr., was charged with possession of firearms in violation of 18 U.S.C. § 922(g)(1). At a hearing where Jones was scheduled to plead guilty to that charge, the district court judge closely questioned Jones to ensure that his guilty plea was knowing and voluntary. Jones, who is deaf, answered a number of the judge's questions, but appeared to have trouble understanding and answering one of the questions. The judge ended the hearing and later declared Jones incompetent to stand trial, without first holding a competency hearing as requested by the United States.

---

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

We now vacate the district court's finding that Jones is incompetent and remand for a competency hearing.

**I.**

Jones, 38 years old, has had severe hearing loss since he was two years old. To understand other speakers, he uses amplification, reads lips, and reads written text. These methods have had varying degrees of success in helping him understand spoken words, and his speech sometimes can be difficult to understand.

On March 5, 2001, Chattanooga police and federal agents searched Jones's residence pursuant to a search warrant and found numerous firearms. Jones was indicted on one count of being a previously convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Almost four years after the search of his residence (Jones had been in state custody), he was arrested and arraigned on the federal firearms offense. Jones filed a motion to dismiss on speedy trial grounds, which the district court denied. Jones then signed a plea agreement under which he would plead guilty to the charge in the indictment.

On June 16, 2005, the district court held a hearing to accept Jones's proffered guilty plea. Using a system of "realtime reporting," which allowed Jones to read a transcript of the proceedings as they occurred, he answered standard questions on his background, the adequacy of his attorney's representation, and his understanding that he was waiving certain rights. However, even with additional explanation from attorneys and the court, Jones stated that he could not understand one of the court's questions: "Are there any other understandings that you have with the United States regarding your case that are not set out in that plea agreement?" The court ended the hearing and directed the parties to suggest solutions that would enable Jones to comprehend the proceedings.

On February 9, 2006, at a pretrial conference, the district court and the parties discussed Jones's ability to understand the proceedings during an anticipated trial. No resolution of the issue was reached. The government then filed a motion requesting the court to hold a pretrial competency hearing and, if Jones was found competent to stand trial, the case be set for rearraignment to allow Jones to enter a guilty plea. Jones responded with a motion requesting an interpreter, videotaping, and the use of realtime reporting at all court proceedings. The government supported Jones's motion for an interpreter, but also renewed its motion for a pretrial competency hearing.

On February 17, 2006, the district court issued an order and memorandum declaring that it would not hold a competency hearing "because the record already is replete with more than enough information on this topic for the Court to make a ruling." The court then found Jones physically incompetent to stand trial and declared that since Jones's condition had little chance of changing, the court would "take this trial off its trial calendar permanently." In explanation of its ruling, the district court cited the problems at the June 2005 hearing, information contained in a medical report on Jones produced by the Bureau of Prisons, and the court's discussions with the attorneys. The court concluded that Jones was physically incompetent to understand either trial or guilty plea proceedings and would be unable to communicate effectively with his attorney. The government now appeals the district court's ruling.

**II.**

We do not resolve the factual support, or lack of it, for the district court's finding that Jones was not "physically competent" to stand trial; would not be able to understand trial or guilty plea proceedings; and would not be able to communicate effectively with his counsel. We limit our decision to the narrow issues of: (1) our jurisdiction to entertain this appeal; and (2) whether the trial court abused its discretion in denying the government's request for a competency hearing.

### III.

This court has jurisdiction to hear appeals by the government of district court orders in criminal cases that "dismiss[ ] an indictment . . . except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." 18 U.S.C. § 3731 (Supp. 2006). The Supreme Court has held that, in passing this statute, Congress removed all statutory barriers to government appeals and intended "'to allow appeals whenever the Constitution would permit.'" *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568 (1977) (citation omitted). We have held that, under § 3731, "'the substance of the [district court's] ruling,'" not its label, "'determines the question of appealability.'" *United States v. Presser*, 844 F.2d 1275, 1280 (6th Cir. 1988) (citation omitted); *see also United States v. Cote*, 51 F.3d 178, 180-81 (9th Cir. 1995).

While the district court's order in this case does not explicitly "dismiss[ ] [the] indictment" against Jones in the language of 18 U.S.C. § 3731, the substance of the court's order is the same: the district court found Jones incompetent to stand trial and *permanently* removed the case from its trial calendar. As a result, the government cannot pursue the indictment and prosecute Jones because the district court's order effectively terminates the government's ability to proceed. The district court's order is the functional equivalent of a dismissal of the indictment. Since no constitutional barriers, such as double jeopardy, exist, we have jurisdiction under § 3731 to hear the government's appeal.

### IV.

The district court held that Jones was "physically incompetent," but we will treat the district court's order as finding Jones mentally incompetent due to a physical disability. We do so because such a reading makes sense and because the district court relied on the *Dusky* standard for mental incompetence, *Dusky v. United States*, 362 U.S. 402, 402 (1960), focusing on Jones's ability to comprehend and understand rather than on his physical limitations. Congress has made clear that a court "shall grant" a motion by the defendant *or* the government requesting "a hearing to determine the mental competency of the defendant[] . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). We review, under an abuse of discretion standard, a district court's determination whether there is "reasonable cause" to believe that a defendant is incompetent, and thus whether to hold a competency hearing. *Harper v. Parker*, 177 F.3d 567, 571 (6th Cir. 1999).

The district court has a measure of discretion in determining whether there is "reasonable cause" to believe that a defendant is incompetent to stand trial. But the statute is clear that once the court finds such "reasonable cause," it "shall grant" a request for a competency hearing. *See* 18 U.S.C. § 4241(a); *United States v. Denkins*, 367 F.3d 537, 545-46 (6th Cir. 2004). There is no question that the district court found reasonable cause to believe that Jones was incompetent, but the court went further, and ruled that Jones was incompetent, without first holding a competency hearing as requested by the government and mandated by § 4241(a). We understand that the district court thought the record already contained sufficient evidence of Jones's incompetence and that a further competency hearing was unnecessary, but *that* was not within the district court's discretion. The statute calls for a mandatory ("shall order") competency hearing, and there was no room for a judicial shortcut.

### V.

We find that the district court erred in denying the government's request for a competency

hearing for Jones and, we must, therefore, **VACATE** the finding of incompetence and **REMAND** the case to the district court with direction to restore the case to the court's calendar and conduct a competency hearing as required by 18 U.S.C. § 4241(a).