# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-30827

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WALTER BONIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:

Walter Bonin appeals a judgment committing him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(d). Because the determination contravened the requisite statutory procedure, we vacate and remand.

On a warrant and criminal complaint from the Middle District of Tennessee, Bonin was arrested in Louisiana for making threats to country music singer George Strait. Bonin appeared in the Western District of Louisiana, pursuant

to 18 U.S.C. § 4241(d), and the court deemed him incompetent to stand trial and ordered an evaluation to determine whether he could regain competence in the foreseeable future and proceed to trial. The doctor who evaluated Bonin concluded that he "represents a long-term and continuing risk to the safety and welfare of Mr. Strait because of his mental disorder." The facility, however, deemed Bonin competent to stand trial and released him. The parties agree that the statutorily-required certificate of dangerousness was not issued at that time or thereafter.

A few months later, Bonin sent letters containing threats against the Louisiana federal magistrate judge. An arrest warrant was issued in the Middle District of Tennessee for violation of the terms of Bonin's pretrial release. He was arrested and detained in the Western District of Louisiana, where the court reaffirmed the earlier finding of incompetence. The court then sua sponte ordered Bonin to be evaluated for dangerousness.

A local psychiatrist evaluated Bonin and declared that his release "may substantially create the risk of bodily injury to another person or serious damage to the property of another." After a lengthy hearing before the magistrate judge and a subsequent hearing before the district judge, the court concluded, per § 4246(d), that Bonin was suffering from a mental disease or defect; that his release would create a substantial risk of bodily injury to another person or serious damage to property of another; that suitable arrangements for state custody and care of Bonin were not available; and that, accordingly, he should be committed to the custody of the Attorney General. We review the court's statutory interpretation de novo. United States v. Phipps, 319 F.3d 177, 183 (5th Cir. 2003).

Section 4246 sets forth the procedures governing commitment of a person deemed incompetent to stand trial. Although the court gave Bonin adequate notice and conducted a dangerousness hearing in a manner that complied with §§ 4246(b) and (c) and 4247, the court did not have authority sua sponte to initi-

ate the dangerousness hearing and make the commitment judgment. Section 4246(a), entitled "Institution of proceeding," requires that a "director of a facility in which a person is hospitalized certif[y] that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d)" suffers from a mental disease or defect and poses a substantial risk to others and that suitable arrangements for state custody are not available. Section 4246(a) establishes the director's certification as a necessary prerequisite to a dangerousness hearing; without the certification, a court ordinarily lacks statutory authority to conduct the hearing.[1]

There was no certification from the director of the facility in which Bonin was first hospitalized, and he was never hospitalized for evaluation after his second arrest. Rather than hospitalizing Bonin for a determination of mental competency, per § 4241(d), the court skipped ahead to a § 4246 commitment hearing without certification from a hospital director.

The failure to heed § 4246(a)'s certification requirement was error. Following appellate oral argument, the parties submitted a joint letter agreeing that, if this court decides to vacate the district court's order, the case should be remanded to the district court for the purpose of committing Bonin to the custody of the Attorney General pursuant to § 4247(b) for placement in the facility in which he is presently housed (the Federal Medical Center at Rochester, Minnesota) for the purpose of determining whether a certificate should be issued under § 4246(a).

---

[1] See United States v. Lapi, 458 F.3d 555, 562 (7th Cir. 2006) ("To the extent that the Government withdraws a Certificate because this statutory mandate is not fulfilled, as it did here, the district court has no statutory authority to conduct a dangerousness hearing."); Weber v. U.S. Dist. Court, 9 F.3d 76, 79 (9th Cir. 1993) ("The district court lacked the authority to initiate a hearing to determine whether Weber should continue treatment in a psychiatric facility. Section 4246 indicates that the director of the facility is to make the initial determination regarding the dangerousness issue."); United States v. Baker, 807 F.2d 1315, 1324 (6th Cir. 1986) ("We hold, therefore, that by failing to adhere to the procedures outlined in section 4246, the district court lacked statutory authority to commit Baker . . . .").

Accordingly, the judgment of commitment is VACATED, and the case is REMANDED to the district court for the purpose of temporarily committing Bonin to the custody of the Attorney General in the Federal Medical Center at Rochester, per §§ 4241 and 4247(b), so that the director of the facility can determine whether a certificate should issue, per § 4246(a), and for any other proceedings or actions not inconsistent with this opinion.