# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2020

Lyle W. Cayce
Clerk

SEALED APPELLEE,

Plaintiff - Appellee

v.

SEALED APPELLANT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-81

Before BENAVIDES, GRAVES, and HO, Circuit Judges.
PER CURIAM:*

Appellant appeals the district court's civil commitment order entered pursuant to 18 U.S.C. § 4246(d). Finding no plain error, we AFFIRM the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.     BACKGROUND

On April 11, 2017, Appellant was arrested for criminal trespass at the Field Office for the Secret Service in Nashville, Tennessee.  On October 11, 2017, Appellant returned to that office, and Appellant was seen defacing parking lot signs with spray paint.  An employee of the Wounded Warrior program, which occupies office space in the same building as the Secret Service, asked Appellant to stop defacing the parking signs.  Appellant responded by punching the employee in the face.  Appellant then went inside the office building and when two Secret Service agents followed her, she accused the Secret Service of holding her captive, shooting her in the head, and raping her over twelve years ago.  Appellant punched one of the agents in the face and resisted another Secret Service agent's attempt to restrain her.

On October 18, 2017, a federal grand jury in Nashville returned an indictment charging Appellant with one count of assaulting a Special Agent of the Secret Service and one count of resisting another Special Agent while he was engaged in the performance of his official duties in violation of  18 U.S.C. §§ 111(a) and 1114.  The next day, Appellant appeared for a detention hearing before a magistrate judge in district court.  The government sought detention pursuant to 18 U.S.C. § 3142 on the basis that no conditions would reasonably assure Appellant's presence in court or the safety of the community.  At the hearing, Appellant, through counsel, stated that she would waive a detention hearing at this time but reserved the right to raise the issue of release at a later date.  The magistrate judge granted the government's motion for detention, ordered Appellant to be detained in federal custody pending trial, and committed Appellant to the custody of the Attorney General.

Subsequently, the government filed a motion to determine competency. On January 23, 2018, the district court in Nashville granted the government's motion and issued a commitment order stating that a psychiatric or

psychological examination of the Appellant would be conducted to determine competency. On February 22, 2018, Appellant was moved to the Federal Medical Center-Carswell ("FMC Carswell") in Fort Worth, Texas for a determination of competency. On June 28, 2018, the district court granted the unopposed motion to continue the trial to October 2, 2018, explaining that the delay was excluded under the Speedy Trial Act because "the defendant is still undergoing a competency evaluation."

On July 11, 2018, the district court in Nashville granted the government's motion for a 4-month extension of time to evaluate Appellant's competency to stand trial. The district court's order provided that the original commitment had expired on May 9, 2018 and the 4-month extension would expire on September 9, 2018.

In a letter dated August 10, 2018, the district court in Nashville was notified that Appellant had been evaluated by the clinical staff at FMC Carswell, and in their opinion, Appellant "displays symptoms of mental illness which significantly impair her rational understanding of the proceedings against her and her ability to communicate with her attorney with a reasonable degree of rational understanding." Additionally, the letter provided that "she will likely remain not competent to stand trial without receiving psychotropic medication, which she is currently unwilling to voluntarily accept on a regular basis." However, because the staff did not believe Appellant was a present danger to herself or others, she could not be forcibly medicated. The letter further provided that the staff believed that psychotropic medication was an appropriate treatment and that there were "no less-intrusive alternatives to restore her to competence." Thus, the staff believed that the Supreme Court's precedent required the district court to determine whether Appellant could be "forcibly medicated for the sole purpose of rendering her competent." *See Sell v. United States,* 539 U.S. 166 (2003).

On October 1, 2018, the district court in Nashville denied the government's motion to order the involuntary administration of medication to restore Appellant to competency. The order further stated that the trial that was scheduled to begin on October 2, 2018, was continued.

On October 5, 2018, the government filed a notice on the docket of the Nashville court and copied Appellant's attorney explaining that because Appellant had been committed under 18 U.S.C. § 4241(d), she was subject to civil commitment procedures for dangerousness in 18 U.S.C. § 4246(a). Further, the staff at FMC Carswell planned to conduct a risk-panel review to determine whether a full dangerousness evaluation of Appellant was warranted. If it was warranted, a forensic examiner would be assigned, and a forensic examination would be conducted. If the examiner determined that the criteria for a dangerousness commitment were met, a certificate of dangerousness would be filed with the district court in Fort Worth, Texas. 18 U.S.C. § 4246(a).[1] Finally, the government did not intend to dismiss the indictment in the Nashville case to ensure Appellant remained in custody pending completement of the commitment procedures.

On October 16, 2018, the government filed a notice in the Nashville district court stating that the risk panel at FMC Carswell had conducted its risk panel review and recommended that a full § 4246 dangerousness evaluation be performed by a forensic examiner. The notice also provided that such an examination may last up to 75 days, with a report being completed after the examination.

On January 28, 2019, the government initiated the instant § 4246(a) civil commitment proceeding by filing a petition accompanied by a certificate of

---

[1] Section 4246(a) requires that the certificate be filed with the "clerk of the court for the district in which the person is confined."

dangerousness signed by the Warden at FMC Carswell. Also filed with the petition was a written forensic evaluation from the examiner stating that Appellant's release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

In response to the government's filing the certificate of dangerousness, the district court in Fort Worth appointed counsel for Appellant and scheduled a hearing for February 5, 2019. On January 31, 2019, counsel for Appellant moved for a 45-day continuance of the hearing. The district court granted the motion for continuance and set the hearing for March 26, 2019.

At the hearing, the government presented the testimony of Dr. Amor Correa, a psychologist at FMC Carswell, who testified that she had prepared a forensic evaluation report with respect to Appellant. Dr. Correa testified that it was her opinion that Appellant's "release from this facility would presently create a substantial risk of bodily injury to another person and serious damage to property of another." Dr. Correa also testified that subsequent to the completion of the report, Appellant had "received additional incident reports for threatening to kill staff at FMC Carswell" and had "continued to damage property at FMC Carswell." The government also introduced into evidence Dr. Correa's written report. That same day, the district court found "by clear and convincing evidence that [Appellant] is presently suffering from a mental disease or defect as a result of which her release would create a substantial risk of bodily injury to another person or serious damage to property of another." Accordingly, the court ordered that Appellant be "committed to the custody of the Attorney General of the United States pursuant to the authority of 18 U.S.C. § 4246(d) and that the Attorney General follow the procedures contemplated by 18 U.S.C. § 4246(d) and take such steps described in 18 U.S.C. § 4246(d) and (e) as are appropriate from time to time." Finally, the court ordered the clerk to send a copy of that order to the district court in Nashville,

where Appellant's criminal case was pending. Appellant timely filed a notice of appeal.

II.    ANALYSIS

Appellant contends that the district court erred when it held the commitment proceeding after the commitment order had expired on September 9, 2018.[2]  Appellant concedes that this claim was not raised before the district court, and therefore, it must be reviewed for plain error.   Under that standard, Appellant must show a forfeited plain (clear or obvious) error that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If such a showing is made, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

More specifically, Appellant contends the district court plainly erred when it held the commitment proceeding after the four-month deadline set forth in 18 U.S.C. § 4241(d)(1) had expired.  The statute provides that once a district court finds that a defendant is incompetent to stand trial, it shall commit the defendant to the Attorney General who shall hospitalize the defendant for treatment "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." § 4241(d)(1).  It is undisputed that Appellant was hospitalized beyond the four-month period that expired on September 9, 2018.  However, § 4241(d)(2) provides that a defendant can be hospitalized:

> for an additional reasonable period of time until (A) his mental condition is so improved that trial may proceed, if the court finds that there is substantial probability that within such additional period of time he will attain the capacity to permit the proceedings

---

[2] Appellant's brief does not challenge the district court's grant of a four-month extension to September 9, 2018.

to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier.

Here, the district court did not find a substantial probability that Appellant's mental condition would improve to permit the trial proceeding to go forward. Also, the criminal charges against Appellant were not resolved; instead, they remained pending during the relevant time period. Thus, subsections 4241(d)(A) and (B) were not applicable. Nonetheless, § 4241(d) further provides as follows: "If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248."[3] This language indicates that the determination of dangerousness under § 4246 occurs after the four-month time period specified in § 4241(d). In the case at bar, Appellant's mental condition did not improve such that she could stand trial, and the government initiated proceedings to have Appellant evaluated for dangerousness pursuant to § 4246.

Appellant asserts that the government did not take any action to initiate a civil proceeding between the September 9, 2018 expiration of the commitment order and initiating the commitment proceedings on January 28, 2019. Appellant is correct that the government did not file in district court until January 28, 2019. Nonetheless, prior to the expiration of the deadline it had been taking action to attempt to restore Appellant's competence by moving the court to order involuntary medication. After the district court denied that motion, the government began taking action to obtain a certificate of dangerousness from the director of FMC Carswell pursuant under § 4246(a). Indeed, the government could not initiate the commitment proceedings under

---

[3] Section 4248 involves the civil commitment of a sexually dangerous person and is not relevant to the instant case.

§ 4246 until it obtained a certificate of dangerousness. This Court has explained that § 4246(a) "establishes the director's certification as a necessary prerequisite to a dangerousness hearing; without the certification, a court ordinarily lacks statutory authority to conduct the hearing." *United States v. Bonin,* 541 F.3d 399, 401 (5th Cir. 2008).

Appellant relies on the Second Circuit's opinion in *United States v. Magassouba,* in which it states that the "Attorney General exceeded its authority in holding Magassouba in custodial hospitalization . . . approximately three weeks longer than the four months specified in the court's unopposed order." 544 F.3d 387, 410 (2nd Cir. 2008).[4] *Magassouba* is inapposite. In that case, unlike the instant case, the Second Circuit expressly stated that the defendant was not referred for civil commitment pursuant to § 4246 as unlikely to attain competency. *Id.* at 414. As we previously explained, § 4241 indicates that at the end of the time period under subsection §4241(d), if it is determined that a defendant has not improved such that the proceedings may go forward, he is subject to the provisions of § 4246. Thus, the statute contemplates that the § 4246 proceedings occur after the expiration of the time period in § 4241(d).

Appellant also cites the Ninth Circuit's opinion in *United States v. Godinez-Ortiz,* however, that opinion offers her no relief and provides support for the government's position. 563 F.3d 1022 (9th Cir. 2009). There, the Ninth Circuit expressly stated that a plain reading of § 4246 provides that the director of the facility "may determine whether to issue a dangerousness certificate, and nowhere does § 4246 state that the director's certificate must be filed during the person's commitment under § 4241 or before the § 4241(d)

---

[4] In any event, the Second Circuit found the error harmless. *Magassouba,* 544 F.3d at 414–15.

evaluation period ends." *Id.* at 1031. We agree with the Ninth Circuit that § 4246 does not require the dangerousness certificate to be filed during the time period in § 4241(d).[5]

Finally, Appellant cites *United States v. Baker,* for the proposition that filing a certificate of dangerousness after the expiration of the commitment period violates her due process rights. 807 F.2d 1315 (6th Cir. 1986). In *Baker,* the district court held a hearing before the dangerousness certificate was issued in violation of the procedure set forth in § 4246(a). *Id.* at 1320–21. As such, the Sixth Circuit held the district court lacked statutory authority to commit Baker under § 4246, and he was deprived of notice and a meaningful opportunity to prepare for the hearing. *Id.* at 1324. Here, the certificate of dangerousness was issued prior to the hearing in accordance with § 4246. Moreover, in the instant case, the district court granted defense counsel's motion for a continuance to allow time for preparation for the hearing. *Baker* does not support Appellant's argument.

Under these circumstances, we find that Appellant has failed to show that the length of her hospitalization during these proceedings clearly or obviously violated § 4241(d).

III.    CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.

---

[5] Appellant cites *United States v. Wood,* 469 F.2d 676 (5th Cir. 1972). In that case, the district court failed to make a finding that Wood was a danger to others pursuant to § 4246. *Id.* at 677. Here, however, the district court expressly found by clear and convincing evidence that Appellant is suffering from a mental disease as a result of which her release would create a substantial risk of bodily injury to another person or serious damage to property of another.